**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| GREGORY THOMPSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09cv1113 |
| | ) | (GBL/TRJ) |
| WACKENHUT SERVICES, INC. | ) | |
| | ) | |
| Defendant | ) | Dated: March 9, 2010 |
| | ) | |
| _____ | ) | |

**PLAINTIFF THOMPSON'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Plaintiff, Gregory

Thompson, requests that this Court grant his motion for leave to amend complaint.

Plaintiff Thompson, by counsel, submits this Memorandum in Support of his Motion for

Leave to Amend His Complaint.  Plaintiff's proposed amendment clarifies this Court's

jurisdiction in this matter.

**INTRODUCTION**

This suit arises out of Plaintiff Gregory Thompson's ("Plaintiff") December 6, 2007,

incident on Defense Information System Agency ( *hereinafter* "DISA") property.  The

Defendant, Wackenhut Services, Inc. ( *hereinafter* "Wackenhut"), was the contractor

engaged with the Government to perform facility maintenance.   Plaintiff is an employee

of the DISA, a sub-agency of the United States Department of Defense.   *See* Compl. ¶

1

6.  Plaintiff specifically alleges, *inter alia*, that "[o]n December 6, 2007, as Plaintiff was walking through the parking lot, he slipped and fell onto the ice covered ground...on the DISA premises."  Compl. ¶ 8.  Plaintiff further alleges that after the fall, "[he] suffered from various injuries, including head trauma and back injuries."  Compl. ¶ 15.

Plaintiff avers that Defendant failed to inspect for and warn Plaintiff of latent and foreseeable dangers in the parking lot resulting from the icey conditions.   Compl. ¶ 20. Further, Plaintiff avers that Defendant had a duty to provide and maintain an adequate parking lot service for Plaintiff to walk upon in icy conditions.  Compl. ¶ 21.  Plaintiff avers that Defendant breached these duties which in turn caused Plaintiff injury.   Compl. ¶¶ 22-26.  As discussed in Defendant's Memorandum to Dismiss, Defendant-United States' removal from this case changes the manner which this Court's jurisdiction resides.  Therefore, although inferred, jurisdiction for the remaining parties may need to be clarified.


## ARGUMENT

Rule 15(a) provides that a party may amend its pleadings by leave of court and that "leave shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).  As the U.S. Supreme Court has emphasized, "this mandate is to be heeded."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Thus, "[t]his standard for granting leave to amend a civil complaint is very liberal."  Foxworth v. United States.  No. 3:05CV643-JRS, 2006 U.S. Dist. LEXIS 48235, at *3-4 (E.D.Va. July 17, 2006).  The Fourth Circuit has explained that leave to amend should only be denied where there is: (1) prejudice to the

nonmoving party; (2) bad faith of the moving party; or (3) futility of the proposed amendment.  Edell & Associates, P.C. v. Law Offices of Peter G. Gangelos , 264 F.3d 424. 446 (4ᵗʰ Cir. 2001).

Where the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman v. Davis, 371 U.S. 178.  Plaintiff proposes to amend the complaint to reflect diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  Plaintiff is a citizen of Maryland.  Defendant is a citizen of Florida; Defendant is incorporated in Florida, Florida is where Defendant's headquarters are located.  And Defendant's major business decisions and policy are made and directed from Florida.

In the case at bar it is likely that granting leave to amend the complaint will lead to an increased exposure of liability for the remaining Defendant; however, a  nonmoving party is not considered subject to prejudice simply because an amendment may increase potential liability.  Ward Electronic Serv., Inc. v. First Commercial Bank , 819 F.2d 496 (4th Cir. 1987).  To justify denial of leave to amend "it must appear that successive amendments are futile, offered in bad faith, prejudicial, or otherwise contrary to the interests of justice."  Id. at 497.  Plaintiff simply clarifies a separate theory of jurisdiction based on the parties different state citizenship.

Plaintiff has neither acted in bad faith nor sought to prolong litigation unduly.  Plaintiff's only intention is to pursue his lawful remedies against the proper parties.  Namely, to be secure in his constitutional rights to seek legal redress for the injuries suffered as a result of Defendant's's actions and inactions.  Further, Defendant will not

be forced to engage in any substantial discovery process or other burden that is not merited by the validity of the claims originally brought by the Plaintiff.  Moreover, the Count already included in the complaint is valid cause of action and thus should not be considered futile. For these reasons, this Court should grant Plaintiff leave to amend his complaint to include the aforementioned two counts of unconstitutional conduct.

## CERTIFICATE OF GOOD-FAITH EFFORTS

Counsel for Plaintiff acknowledges Counsel for the Defendant's certificate. Plaintiff's Counsel asserts that there may have been some miscommunication as to the actual filing date of this corrective action.  But Counsel for both parties are working in a cooperative manner in moving this case forward in good faith.

## CONCLUSION

WHEREFORE, as Plaintiff has set forth underlying facts or circumstances which are a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  Plaintiff thus requests that this Court grant Plaintiff's motion for leave to amend complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Respectively Submitted,


LAW OFFICE OF MICHAEL D.J. EISENBERG
ATTORNEY AND COUNSELOR AT LAW


/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
700 12th Street, NW
Suite 700
Washington, DC  20005
O:  (202) 558-6371
F:  (202) 403-3430
michael@eisenberg-lawoffice.com
Counsel for Gregory Thompson


/s/ David Kaufman
David Kaufman
11350 Random Hills Road
Suite 800
Fairfax, Virginia 22030
O:  703-764-9080
F:  703-764-0014
david@dzklaw.com
Co-Counsel for Plaintiff, Gregory
Thompson,
Virginia-barred Attorney
Sponsor for Michael D.J. Eisenberg's
Pro Hac Vice Status

CERTIFICATE OF SERVICE

I hereby certify that a copy of the aforegoing was filed electronically. I understand that

notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


/s/ David Kaufman
David Kaufman
11350 Random Hills Road
Suite 800
Fairfax, Virginia 22030
O:  703-764-9080
F:  703-764-0014
david@dzklaw.com
Co-Counsel for Plaintiff, Gregory Thompson,
Virginia-barred Attorney
Co-Counsel for Mr. Thompson
Sponsor for Michael D.J. Eisenberg's
Pro Hac Vice Status