IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **GREGORY THOMPSON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-1113-GBL/TRJ |
| ) | |
| **WACKENHUT SERVICES, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## OBJECTION TO NOTICE OF DEPOSITION

COMES NOW the Defendant, Wackenhut Services, Incorporated, by counsel, and objects to Plaintiff's Notice of Jeremy Harman's May 27, 2010, deposition, and as grounds therefor, states as follows:

1.   The Notice (Exhibit A) references that the deposition is being taken pursuant to a court order.  No such order has been issued.

2.   The subject deposition was supposed to be a Fed. R. Civ. P. 30(b)(6) examination concerning certain subjects, pre-designated by Plaintiff, as identified in his attached correspondence, Exhibit B.  Without waiving its rights as to the discoverability of the enumerated items, in response to the same, Defendant unofficially designated Mr. Harman as its corporate designee as to items 1-3.[1]  However the subject Notice is not set out as relating to a Fed. R. Civ. P. 30(b)(6) deposition.  To the extent that Plaintiff is requesting Mr. Harman's testimony in any other capacity or relating to any other subject matter not set forth in attached Exhibit B, Defendant objects, especially since

---

[1] Item 4 is not an area of "designation," as such.  Item 5 is beyond the ken of any representative off this defendant.  It is not an agency of or affiliated with DISA and is not suitable subject matter for any representative of the defendant.

1

reasonable/11 days' notice of the same has not been given.  Fed. R. Civ. P. 30(b)(6) and Local Rule 30(H).

3. The Notice contains a request that certain documents be produced.  The request is overly broad and vague, and, <u>inter alia</u>, clearly seeks the production of privileged materials.  All materials to which a privilege is not claimed have previously been produced, as was a comprehensive privilege log.  Defendant therefore objects to the production of the requested documents again, stands on its prior relevant discovery responses, and for the aforesaid reasons, does not anticipate producing the requested materials at deposition.

    Respectfully submitted,

    DOMBROFF GILMORE JAQUES & FRENCH

    _____/s/_____
    Donald C. Weinberg, Esq. (VSB No. 17378)
    1676 International Drive
    Penthouse
    McLean, Virginia 22102
    Telephone (703) 336-8800
    Facsimile (703) 336-8750
    E-mail: dweinberg@dglitigators.com
    COUNSEL FOR DEFENDANT
    WACKENHUT SERVICES, INCORPORATED

CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of May, 2010, I will electronically file the foregoing Objection with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Angela H. France, Esq., VSB #46862
PCT Law Group, PLLC
1725 Duke Street
Suite 240
Alexandria, VA 22314
Telephone: 703-881-9141
Facsimile: 703-972-9153
Co-Counsel for Plaintiff
Email: afrance@pctlg.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

Michael D.J. Eisenberg, Esq.
700 12th St. NW, Ste. 700
Washington, DC 20005
Telephone: 202-558-6371
Facsimile: 202-403-3430
Counsel for Plaintiff
Email: michael@eisenberg-lawoffice.com

                                                 /s/
                                Donald C. Weinberg (VSB No. 17378)
                                1676 International Drive - Penthouse
                                McLean, Virginia 22102
                                Telephone (703) 336-8800
                                Facsimile (703) 336-8750
                                E-mail: dweinberg@dglitigators.com
                                COUNSEL FOR DEFENDANT
                                WACKENHUT SERVICES, INCORPORATED