IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GREGORY THOMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:09-cv-1113 |
| ) | GBL/TRJ |
| WACKENHUT SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO COMPEL
AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, by and through counsel, and pursuant to the Federal Rules of Civil Procedure Rule and of the local rules of the Court, provides as follows for his Motion to Compel and Memorandum of Law in Support.

**Certification of Good Faith**

The undersigned counsel certifies that he has made a good faith effort to resolve the discovery dispute set forth below by discussing the issue with Defendant's counsel in-person on May 28, 2010, and via correspondence between counsel attached as Exhibits A.

**I.     Background Facts**

On December 6, 2007, while working at DISA governmental facility in Arlington, VA, Plaintiff slipped and fell on a snowy and icy walkway. At the time of the incident, Defendant was responsible for the snow and ice removal at this facility per its contract with the federal government.[1]  Plaintiff asserts it was Defendant's duty to clear said walkway, and due to its

---

[1] Defendant marked its Contract with the federal government for this facility as confidential. This document can be provided to the Court, upon its request.

breach of this duty, Plaintiff has been injured. On account of his injuries, which were proximately caused by Defendant's negligence and breach of duty, Plaintiff filed suit in this Court in September of 2009.

During Defendant's 30(b)(6) deposition on May 27, 2010, Plaintiff learned that Defendant had not produced certain documents in discovery in response to Plaintiff's Request for Production of Documents. See Exhibit B, Plaintiff's Request for Production of Documents with Defendant's response **("Ex. A")**.

In particular, during Defendant's 30(b)(6) deposition, in response to questions by Plaintiff's counsel related to the contractually-required Quality Control Reports, Defendant's corporate representative and/or Defendant's counsel stated that these Quality Control Reports had not been produced in discovery and such were reflected on Defendant's Privilege Log. See Exhibit C, Defendant's Privilege Log **("Ex. B")**.[2] In examining the Privilege Log, Plaintiff also noted that Defendant withheld numerous other documents as set forth herein based on various apparent inapplicable privileges.

In addition, Defendant's corporate representative testified about a one page document, which was produced by Defendant in discovery, containing the handwritten notes of one of Defendant's maintenance workers.[3] The maintenance worker, Jerry Greene, was on shift the night before and day of the incident at issue and allegedly performed snow and ice removal services at the facility. Defendant's representative testified that Mr. Greene maintains a bound notebook at the facility, and the one page that was produced to Plaintiff had been photocopied out of this bound notebook. Given the incomplete nature of Defendant's production of the maintenance worker's notebook, Plaintiff requested a copy of the complete notebook of Mr.

---

[2] Please note that the documents at issue are highlighted in Defendant's Privilege Log.
[3] Defendant marked the one page from the maintenance worker's notebook as confidential. This document can be provided to the Court, upon its request.

Greene. Despite Plaintiff's requests for production of the improperly withheld documents as set forth above, Defendant has failed to provide them.

## II.    Discovery Issues

A.    **Defendant Has Improperly Withheld Documents Based on Inapplicable Privileges**

   1.    **Quality Control Reports and Logs.**

The contract between the Defendant and the federal government for snow and ice removal services at the facility at issue requires Quality Control Reports on a monthly basis. These reports are, thus, prepared by Defendant in the ordinary course of its business in providing services at this facility.

However, Defendant refuses to produce the monthly Quality Control Report for the month during which the incident occurred – December 2007. Defendant lists the following document as being withheld based on various privileges: Internal ASC Customer [Quality Control] Report for the month of December 1, 2007-December 31, 2007. Moreover, Defendant withheld "internal logs of quality-control inspections of area" where the incident occurred, dated 12/6/07-12/7/07 on the improper basis of work-product, prepared in anticipation of litigation, and self-critical analysis. The incident occurred on 12/6/07 and there had been no claim by Plaintiff against Defendant asserted at that time.

   2.    **E-mails between Defendant's Own Personnel and/or Third Parties.**

In addition, Defendant identified a number of other documents in its Privilege Log, which have not been produced to Plaintiff on the basis of privilege. Specifically, there are several internal communications between WSI personnel and third parties: internal email between WSI personnel and the Department of the Navy attorney, dated 12/19/07; internal email between WSI personnel, dated 12/19/07; internal emails with WSI personnel, dated 12/19/07-12/29/07; internal

mishap report, dated 12/11/07, by WSI personnel; internal email between WSI personnel, dated 12/11/07; internal email between WSI personnel, dated 12/11/07; internal email between WSI personnel, dated 12/13/07; internal email between WSI personnel, dated 12/17/07; internal emails between WSI personnel and Navy attorney, dated 1/29/08; internal emails between WSI personnel, dated 1/29/08-1/30/08; internal email between WIS personnel, dated 2/4/08; internal email between WSI personnel, dated 2/5/08; internal email between WSI personnel, dated 2/5/08; internal email between WSI personnel, dated 2/6/08; internal email between WSI personnel, dated 2/13/08; internal email between WSI personnel, dated 3/15/08; and internal email between WSI personnel, dated 3/17/08.  Given the date of these communications and the fact that they are not with an attorney, and, *inter alia*, are before Plaintiff asserted any claims against Defendant, the asserted privileges are not applicable.

      **3.**    **Law Regarding Withholding Documents Based on Privilege.**

The Federal Rules of Civil Procedure require that a party's claim of privilege shall be made expressly and "supported by a description of the nature of documents . . . that is sufficient to enable the demanding party to contest the claim." Fed. R. Civ. Pro. 45(d)(2). The party asserting a privilege has the burden of establishing it, and proving that the privilege protects the documents in question.  Despite repeated requests by the undersigned to Defendant regarding its alleged basis for withholding specific documents based upon privilege, no information has been forthcoming by Defendant's counsel to establish the various privileges.

It is clear on the face of the Privilege Log that the asserted privileges are inapplicable. For instance, Defendant asserted "work product privilege" and "prepared in anticipation of litigation" for the monthly Quality Control Report for the time period 12/1/07-12/31/07.  This report was made in accordance with Defendant's own contract and was a routine part of its

business. Defendant also asserted "work product, prepared in anticipation of litigation, and withheld pursuant to self-critical analysis privilege and withheld pursuant to attorney-client privilege" for a series of email between WSI personnel and the attorney at the Navy with subject line "ASC Incident Report.," dated 1/29/08; and also asserted various privileges for withholding an email between WSI personnel and an attorney with the Department of the Navy, with subject line "Incident Report," dated 12/19/07. Clearly, the Navy attorney was not representing Defendant, a private government contractor.

Moreover, the Defendant heavily relies on the self-critical analysis in withholding many of these documents. The self-critical analysis privilege has remained "largely undefined" and is "generally invoked when a litigant attempts to discover committee or peer review reports in academic or medical settings, corporate internal investigation documents, and affirmative action documents voluntarily recorded in compliance with federal equal employment opportunity statutes." *Etienne v. Mitre Corp.*, 146 F.R.D. 145, 1993 U.S. Dist. LEXIS 7528 (E.D. Va. 1993).

Although neither the Supreme Court nor the Fourth Circuit have expressly discredited the self-critical analysis privilege, the "Supreme Court counsels strongly against the recognition of new privileges." *Deel v. Bank of Am., N.A.*, 227 F.R.D. 456, 2005 U.S. Dist. LEXIS 13217 (W.D. Va. 2005), quoting *Jaffee v. Redmond*, 518 U.S. 1 (1996). In fact, given the strong policy favoring disclosure of such information to the other party, a number of courts have declined to recognize the privilege at all. *Hardy v. New York News, Inc.*, 114 F.R.D. 633 (S.D.N.Y. 1987).

Defendant's asserted privileges for withholding these specific documents are improper, and Plaintiff respectfully requests an Order compelling the production to Plaintiff. In the alternative, the Defendant should provide the contested documents to the Court for *in camera* review. In this case, where the volume of documents currently contested is not large and the

Defendant has not carried its burden of establishing privilege, *in camera* review to determine whether the documents are in fact privileged is appropriate.

**B.     Defendant's Incomplete Production of Its Maintenance Worker's Notebook**

Defendant produced one page out of the entire bound notebook of one of its maintenance workers in discovery – presumably intending to rely upon this one page at the trial of this matter. Without the entire document, Plaintiff does not have a full picture of what this notebook contains, how information is recorded and its accuracy, among other things.

### III.     Requested Relief

Plaintiff requests that Defendant be ordered to produce the documents at issue herein. In the alternative, Plaintiff requests that Defendant provide these documents to the Court for *in camera* review on the issue of privilege.

Respectfully Submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
700 12th Street, NW
Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
michael@eisenberg-lawoffice.com
Counsel Pro Hac Vice
for Plaintiff Gregory Thompson

/s/ Angela H. France
Angela France, Esq., VSB #46862
PCT Law Group, PLLC
1725 Duke Street
Suite 240
Alexandria, Virginia 22314
O: (703) 881-9141
F: (703) 972-9153
afrance@pctlg.com
Co-Counsel for Plaintiff
Gregory Thompson

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of June, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Donald C. Weinburg, Esq.
>Darcy A. Cochran, Esq.
>Dombroff & Gilmore Jaques & French
>1676 International Drive
>Penthouse
>McLean, Virginia 22102
>*Counsel for Defendant*

>_____/s/_____
>Angela H. France, Esq., VSB #46862
>PCT Law Group, PLLC
>1725 Duke Street
>Suite 240
>Alexandria, Virginia 22314
>(703) 881-9141
>(703) 972-9153 (fax)
>afrance@pctlg.com