**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| GREGORY THOMPSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:09-cv-1113-GBL/TRJ |
| | ) | |
| WACKENHUT SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT WSI'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR RULE 37 SANCTIONS**

COMES NOW the Defendant, Wackenhut Services, Incorporated ("WSI"), by counsel, pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37, and in support of its motion for sanctions states as follows:

I.  INTRODUCTION

On March 17, 2010, Plaintiff served WSI with a copy of his Rule 26(a) Initial Disclosures. See Exhibit A. Despite the Rule's requirement to include a computation of each category of damages claimed by the disclosing party, the only information regarding damages provided by Plaintiff was as follows:

> Plaintiff is currently in a quagmire regarding his loss wages in benefits [sic]. He has an ongoing Office of Worker's Compensation Appeal that may return loss pay and benefits stemming from the accident. Once the final determination has been made, Plaintiff will provide Defendant with the loss pay and benefits numbers or the difference value in OWCP pay versus normal work pay. Plaintiff has also lost about $2000.00 monthly from his part-time employment with Ares Security fna Decco [sic] a contract for DISA since the date of the accident.

See Id.; See also Fed. R. Civ. P. 26(a)(1)(iii). Plaintiff did not provide WSI with any itemization as to his claimed medical expenses and other damages. See Id.

1

WSI served its First Set of Interrogatories and First Requests for Production of Documents on Plaintiff on March 19, 2010. It included a request that Plaintiff provide, among other things, an itemized statement of all damages he is alleging he incurred as a result of his fall on December 6, 2007, at the Defense Information Systems Agency ("DISA"). Specifically, Interrogatory Number 11 requested that Plaintiff provide:

> An itemized statement in chronological order by date of all medical expenses, lost wages, income, profits, and other monetary losses and damages which you claim to have incurred or expect to incur in the future due to the alleged acts or omissions of the Defendants, including inclusive periods of time and/or dates and hours lost from work. State whether there are any liens of any kind. (b): Do you claim any other losses or damages, monetary or otherwise, past, present, and future, not previously described in your Answers? If so, describe and itemize the same in detail.

Plaintiff's response read as follows:

> See Production of Documents and Report from Economic Specialist, RGL. In the interim, see also Answer 14 for Production of Documents. Pursuant to the rules of Discovery, Plaintiff will supplement as appropriate. Bills from his recent back operation and other medical bills paid out of pocket will be provided shortly. Treatment and other medical documents have been provided to Defendant via agreed upon HIPAA release.

On May 21, 2010, WSI filed a Motion to Compel, seeking answers and responses to its first set of interrogatories and first requests for production. [Dkt. # 105]. The motion sought to compel Plaintiff to provide, among other things, a complete and full response to Interrogatory # 11. See supra.

In an Order dated May 28, 2010, Magistrate Judge Jones granted WSI's Motion to Compel. [Dkt. # 117]. In a subsequent related Order, dated June 16, 2010, Magistrate Judge Jones ordered Plaintiff to "provide Defendant with full and complete responses to discovery, including the information and documents specifically referenced in Defendant's Motion to Compel, by the close of business on June 11, 2010." [Dkt. # 142].

On or around June 11, 2010, Plaintiff's counsel requested a brief extension to comply with the Court's order. Defense counsel agreed to the request. On June 13 and 15, 2010, Plaintiff's counsel provided supplemental responses to WSI's discovery requests. However, Plaintiff's counsel did not provide the itemized statement of damages as required by the court order, and Plaintiff's counsel acknowledged this deficiency and his need to remedy it. See Exhibit B.

In numerous correspondence between and among counsel after the June 11, 2010 deadline, defense counsel re-requested Plaintiff's itemized claim of damages and updated/supplemental discovery responses, and was repeatedly assured that it was forthcoming. See e.g., Exhibit C. On July 6, 2010, defense counsel again reminded Plaintiff's counsel that the compilation of special damages had not been provided. See Exhibit D.

On July 16, 2010, over one month after the Court's June 11, 2010 deadline for production, defense counsel again spoke with Plaintiff's counsel, both over the phone and via e-mail, emphasizing WSI's need to know what damages Plaintiff is claiming. See Exhibit E. Plaintiff's counsel re-assured defense counsel that it would be promptly provided. Defense counsel again followed up with Plaintiff's counsel regarding the itemized damages in an email dated July 20, 2010. See Exhibit F. Plaintiff's counsel responded that the documentation would be provided "tomorrow," i.e. July 21, 2010. See Exhibit G. The information still has not been provided, almost two months after the court imposed deadline to provide it, and four and a half months after he should have provided it in his initial disclosures.

It is also important to note that on the evening of July 12, 2010, two days before his video deposition, Plaintiff was hospitalized for reasons that have still not been disclosed to the defense, and his deposition had to be postponed. Weeks after his believed July 19, 2010, discharge, WSI has still not been provided with any medical records, documentation, or other discovery responses concerning the same, again, to Defendant's substantial prejudice. Indeed, notwithstanding numerous requests, the Court Order, or Plaintiff's duty to seasonably supplement discovery responses under Fed. R. Civ. P. 26(e), Plaintiff's counsel has yet to disclose the nature of the illness(es) which required the hospitalization, or even the name of Mr. Thompson's hospital, precluding WSI's ability to subpoena the needed records and prepare for trial, not to mention, Mr. Thompson's deposition.

Despite repeated attempts by defense counsel to obtain an itemized statement of Plaintiff's claimed damages and Mr. Thompson's updated medical records from his reported July 12, 2010 hospitalization, as well as two Court Orders, Plaintiff has not produced the requested information. As a result of Plaintiff's failure, WSI does not know the type, nature and extent of Plaintiff's claimed medical expenses, out of pocket costs, and other damages, and accordingly has been prejudiced in its ability to conduct discovery, investigate Plaintiff's claims, provide important information to its experts, adequately prepare for mediation, and otherwise defend the case and prepare for trial.

II.     LEGAL ANALYSIS

Sanctions for failure to comply with discovery orders include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Here,

although harsh, prohibiting Plaintiff from introducing medical bills and other evidence of his special damages would be an appropriate sanction, since Plaintiff has failed to comply with <u>two</u> of the Court's discovery orders [Dkt. #s 117 and 142] and has left WSI in the dark as to the type, nature and extent of claimed medical bills and other special damages.

The following factors are among those which may govern whether sanctions resulting in dismissal of a claim for violation of a discovery order should be levied:

> (1) whether the noncomplying party acted in bad faith;
> (2) the amount of prejudice his noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce;
> (3) the need for deterrence of the particular sort of noncompliance; and
> (4) the effectiveness of less drastic sanctions.

<u>Progressive Casualty Ins. Co. v. Cockrell's Marine Railway, Inc.</u>, No. 3:07cv254, 2007 U.S. Dist. LEXIS 81798, at *7-8 (E.D. Va. November 5, 2007).

Should this Court find that the sanctions sought require a balancing of the four factors dictated above, WSI contends that Plaintiff's failures to comply with this Court's discovery orders favors the imposition of the requested sanctions.

A. <u>Plaintiff's Repeated Failure to Comply with this Court's Discovery Orders Constitutes Bad Faith</u>

Plaintiff was ordered to produce the itemized statement of damages by June 11, 2010. <u>See</u> Dkt. #s 117 and 142. WSI, in good faith, agreed to give Plaintiff's counsel brief additional time to compile the requested itemization, with the understanding that the information would be provided shortly after the June 11, 2010 deadline. Almost two months have passed since the deadline mandated by the Court, and WSI still does not have the requested documentation. Further, as previously discussed, in response to repeated requests from defense counsel for the requested information, Plaintiff has made

5

what turns out to be numerous empty promises that the documentation was forthcoming. WSI has relied on those unfulfilled promises to its detriment. While WSI continues to desire to work with Plaintiff in a cooperative manner, with trial set for mid-October and the eventual mediation of this matter, WSI is obliged to file this motion. WSI submits that Plaintiff's repeated failure to comply with this Court's discovery orders and fulfill his promises to WSI that he would do so constitute bad faith. See United States v. One Tract of Real Property and All Appurtenances and Improvements Thereto, No. 95-1282, 1997 U.S. App. LEXIS 2875, *11 (4th Cir. 1997) (finding that a party's "repeated refusals to comply with legitimate discovery requests, despite court orders to the contrary, evidences willful, 'bad faith' conduct.")

    B.  Plaintiff's Actions have Prejudiced WSI

WSI is clearly prejudiced. Trial is a little over two months away, and WSI still has no information regarding the medical expenses and damages Plaintiff alleges are causally related to his December 6, 2007 accident. Further, the requested information and/or documentation is material to WSI's ability to defend itself at trial. Plaintiff's failure to provide the requested damages information has prejudiced WSI in its ability to ascertain and subsequently evaluate Plaintiff's damages claims, which in turn affects WSI's ability to meaningfully participate in any settlement and/or mediation discussions, as well as rebut and/or assert any applicable defenses to the claimed damages at trial. See One Tract of Real Property, 1997 U.S. App. LEXIS 2875 at *11 (finding that the party's failure to comply with court orders (1) prejudiced the government because it could not defend itself against the claims and (2) "hampered the district court's efforts to advance and resolve the litigation.") Similarly, to the extent that the still unproduced

information may lead to the need for follow-up discovery requests, whether to Plaintiff or third parties and/or with any party's experts, WSI is further prejudiced.

### C. Plaintiff's Disregard for the Court's Discovery Orders is the Type of Noncompliance that Needs to Be Deterred

Plaintiff's repeated broken promises and failure to comply constitute a disregard for the Court's discovery orders, and is the type of noncompliance that should be deterred.

### D. The Only Appropriate Sanction is to Prohibit Plaintiff from Introducing Evidence at Trial to Support a Claim for Special Damages

Given the fact that the noncompliance at issue is so fundamental to WSI's ability to defend itself, and trial in mid-October, WSI submits that no other sanction will adequately address Plaintiff's noncompliance with this Court's discovery orders. Further, the requested itemization is the type of continuing information Plaintiff should have provided at the outset of the litigation, not at the conclusion. Rule 26(a) requires a party to include with its initial disclosures a computation of each category of damages claimed by the disclosing party. See Fed. R. Civ. P. 26(a)(1)(iii) (further requiring the disclosing party to make available all materials on which each computation is based, including materials bearing on the nature and extent of injuries suffered). WSI, therefore, should not have to wait until this late date to receive a detailed accounting of the damages claimed by Plaintiff.

Furthermore, WSI will no longer have the opportunity to conduct any discovery that might be needed and which may be based on the still unproduced information. Similarly, the still unproduced missing information would need to be reviewed and

7

evaluated by WSI's experts, which in turn, could impact their respective disclosures, the generation of supplemental reports, and their expected testimony/opinions/conclusions.

Plaintiff failed to provide a computation of each category of damages claimed as required by the Federal Rules. Further, Plaintiff's initial disclosure only asserted damages for lost and future wages, and made no mention of special damages; i.e. medical expenses. WSI reasserts that it has been prejudiced thereby.

WHEREFORE, WSI respectfully requests that the Court enter an order prohibiting the Plaintiff from introducing any evidence at trial to support any claim for special damages, including but not limited to, any claims related to medical, hospital, and related expenses incurred by Plaintiff as a result of the December 6, 2007 incident.

## CERTIFICATE OF GOOD FAITH EFFORTS

Undersigned counsel respectfully refers the court to the exhibits appended to its Memorandum in Support of its Motion for Sanctions.

Respectfully submitted,

DOMBROFF GILMORE JAQUES & FRENCH

_____/s/_____
Darcy Cochran, Esq. (VSB No. 76608)
1676 International Drive - Penthouse
McLean, Virginia 22102
Telephone (703) 336-8800
Facsimile (703) 336-8750
E-mail: dweinberg@dglitigators.com
COUNSEL FOR DEFENDANT
WACKENHUT SERVICES, INCORPORATED

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2010, I will electronically file the foregoing Memorandum in Support of Defendant's Motion for Sanctions with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Angela Hope France, Esq.
PCT Law Group, LLC
1725 Duke Street
Suite 240
Alexandria, VA 22314
Telephone: 703-881-9141
Facsimile: 703-972-9153
Co-counsel for Plaintiff
Email: afrance@pctlg.com

And I hereby certify that on August 9, 2010, I will mail the document by U.S. mail to the following non-filing user:

Michael D.J. Eisenberg, Esq.
700 12th St. NW, Ste. 700
Washington, DC 20005
Telephone: 202-558-6371
Facsimile: 202-403-3430
Counsel for Plaintiff
Email: michael@eisenberg-lawoffice.com

                                                                     /s/_____
                                          Darcy Cochran, Esq. (VSB No. 76608)
                                          1676 International Drive - Penthouse
                                          McLean, Virginia 22102
                                          Telephone (703) 336-8800
                                          Facsimile (703) 336-8750
                                          E-mail: dweinberg@dglitigators.com
                                          COUNSEL FOR DEFENDANT
                                          WACKENHUT SERVICES, INCORPORATED