IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GREGORY THOMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:09-cv-1113 |
| ) | GBL/TRJ |
| WACKENHUT SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

By and through counsel, Plaintiff Gregory Thompson ("Plaintiff"), respectfully requests that this Honorable Court strike as untimely Defendant's Motion for Summary Judgment. In support of his motion, Plaintiff states the following:

1. On June 16, 2010, this Court held a Final Pretrial Conference in the above referenced matter. All parties' counsel were present.

2. During the Final Pretrial Conference, the Court set October 8th as the hearing date for dispositive motions, and directed that all summary judgment briefs, including the motion, opposition, and reply be filed by and courtesy copies delivered to Judge's Chambers no later than September 27, 2010. (**Ex. A, Transcript of Final Pretrial Conference at 6, lines 19-21.**)

3. The Court further instructed the parties to agree upon a briefing schedule for summary judgment. In accordance with this instruction, on June 22nd, Plaintiff's counsel communicated a proposed schedule via email to counsel for Defendant and set up

a telephone call to discuss and finalize. (**Ex. B, Email from Plaintiff's counsel to Defendant's counsel, dated June 22, 2010.**)

4. On June 23rd, counsel for the parties discussed the proposed dates for summary judgment briefs and exhibit and witness lists. Plaintiff's proposed schedule was altered as requested by Defendant's counsel during this call, and the parties agreed upon the following dates in this matter:

Summary Judgment Briefing
- summary judgment motion due by September 1, 2010;
- opposition due by September 15, 2010; and
- reply due by September 24, 2010

Exchange of Exhibit Witness Lists
- due on September 29, 2010; and
- objections to exhibit and witness lists due on October 8, 2010.[1]

5. Well after the deadline and without any prior notice of any kind whatsoever, on September 24, 2010, Defendant filed its motion for summary judgment. Defendant noticed its summary judgment motion for a hearing on October 8th.

6. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, Plaintiff's opposition to Defendant's motion for summary judgment is not even due until October 8 th – the date the summary judgment hearing is scheduled. (*See* Local Rule 7(F)(1) providing eleven days after service to file an opposition brief; Fed. R.Civ. P. 6(d) adding three days for service.)

6. Defendant had ample opportunity to file for summary judgment within the time frame required, but simply failed to do so. Moreover, Defendant never once raised any issues with respect to the summary judgment filing deadlines with Plaintiff's counsel before filing its untimely motion.

---

1  Defendant's counsel requested a conference call regarding "housekeeping matters" with counsel for Plaintiff the week of September 20. The main purpose of the call was for Defendant to request an extension of the agreed-upon date for exchange of exhibit and witness lists. During the call on September 22, 2010, Defendant acknowledged the agreed-upon date (September 29) for exchange of exhibit and witness lists; however, Defendant's counsel requested an extension due to his associate's upcoming trial schedule which would require her to be out of the office the week of September 27. Given the quickly approaching trial date, Plaintiff's counsel offered a compromise to Defendant which kept the date for lists to be exchanged on September 29 but allowed Defendant additional time until October 4 for exchange of the exhibit binders. There was also a discussion and follow up emails regarding the exchange of deposition designations. Despite the communications on these issues, Defendant filed a Motion to Set Pretrial Parameters which distorts these discussions. This matter will be addressed by Plaintiff in an opposition to Defendant's Motion to Set Pretrial Parameters to be filed shortly.

7.	Defendant has five (5) attorneys from the law firm Dombroff Gilmore Jaques & French who have appeared at hearings, taken and defended depositions, and have otherwise been substantively involved in this matter on behalf of the Defendant.  Despite the clear abundance of representation, Defendant waited until the 11th hour to file for summary judgment in a blatant attempt to interfere with Plaintiff's trial preparation.[2]

8.	Defendant's counsel has repeatedly requested accommodations to the scheduling in this matter which have nothing to do with any substantive issues.  Some of the accommodations provided to Defendant are as follows:  the Court set a much later trial date per the request of Defendant's counsel due to his personal issues; Plaintiff provided accommodation to Defendant's counsel with respect to the summary judgment briefing schedule due to Defendant's vacation/holiday plans in September; Plaintiff allowed Defendant to depose its experts after the discovery deadline because of scheduling issues; Plaintiff worked with Defendant and allowed Mr. Thompson to be deposed after discovery closed in order to accommodate lead Defendant's counsel; and most recently, Plaintiff offered to extend the deadline for exchange of exhibit binders due to a staff issue at Defendant's office.[3]  However, Defendant's untimely summary judgment filing as a result of its own lack of diligence should not be allowed at this late juncture.  Plaintiff's trial preparation schedule would be severely impacted by the need to respond to a surprise and untimely filed summary judgment motion by Defendant.

8.	Defendant's summary judgment filing is not timely[4], and it offers no reasonable explanation as to why the summary judgment motion was not made earlier as required.[5]  Nor has

---

[2]	Plaintiff would require the entire 14 days to respond to Defendant's motion for summary judgment.  Therefore, any hearing on Defendant's motion would take place the week before trial.  Such a schedule would negatively impact Plaintiff's ability to prepare for the trial and interfere with Plaintiff's trial preparation schedule at this late point.
[3]	The date for the exchange of the exhibit and witness lists remain due on September 29, 2010.
[4]	It should also be noted for the Court that from a cursory review of Defendant's motion for summary judgment, the motion is improperly predicated on factual disputes, which must be resolved by the jury.
[5]	Plaintiff raised the issue of the untimely summary judgment motion to defense counsel on the afternoon of September 24.  Defendant's counsel responded that it could not meet the briefing schedule since Plaintiff was not deposed until September 1, 2010.  In regard to this issue, Plaintiff was hospitalized in mid-July 2010 for approximately one week due to the injuries suffered as a result of the incident at issue in this case.  A letter was sent to Judge Jones' Chambers related to Mr. Thompson's hospitalization and a personal issue of one of Defendant's counsel for scheduling purposes.

Defendant shown that they took any steps to ameliorate prejudice to Plaintiff resulting from its untimely filing. Rather, in direct contravention to this Court's order, schedule, and clear warning to parties that this Court wanted ample time to review all dispositive motions and respective pleadings before the scheduled October 8, 2010, hearing, it chose to file summary judgment on its own schedule and not consult with the Court or Plaintiff in doing so.

9.      Because Defendant's motion is untimely, Plaintiff respectfully requests that this Honorable Court strike its Motion for Summary Judgment (Docket No. 194) filed on September 24, 2010.

For these reasons, Plaintiff respectfully requests that this Honorable Court enter an Order striking from the record Defendant's Motion for Summary Judgment for the reason that it is untimely and prejudices Plaintiff's trial preparation at this juncture.

Respectfully Submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
700 12th Street, NW
Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
michael@eisenberg-lawoffice.com
Counsel Pro Hac Vice
for Plaintiff Gregory Thompson

---

In this letter, defense counsel noted that Plaintiff's deposition had not been rescheduled yet. But, defense counsel assured the Court that another attorney would step in and take this deposition if needed. Defense counsel later requested dates beginning on August 27 for Plaintiff's deposition, specifically picking August 31. Due to scheduling issues, the deposition occurred on September 1. Defendant's counsel chose to depose Plaintiff at this time, and still never once raised re-visiting the summary judgment briefing deadlines or a hearing date with Plaintiff or the Court. Rather, it filed a surprise summary judgment motion 3-4 weeks after the deadline and less than two weeks before it is scheduled to be heard before this court.

/s/ Angela H. France  
Angela France, Esq., VSB #46862  
PCT Law Group, PLLC  
1725 Duke Street  
Suite 240  
Alexandria, Virginia 22314  
O: (703) 881-9141  
F: (703) 972-9153  
afrance@pctlg.com  
Co-Counsel for Plaintiff  
Gregory Thompson  

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Donald C. Weinberg, Esq.  
    Darcy A. Cochran, Esq.  
    Dombroff & Gilmore Jaques & French  
    1676 International Drive  
    Penthouse  
    McLean, Virginia 22102  
    *Counsel for Defendant*

_____/s/_____  
Angela H. France, Esq., VSB #46862  
PCT Law Group, PLLC  
1725 Duke Street  
Suite 240  
Alexandria, Virginia 22314  
(703) 881-9141  
(703) 972-9153 (fax)  
afrance@pctlg.com