**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| GREGORY THOMPSON )  )    Plaintiff,            )  ) v.                                )  CASE NO. 1:09-cv-1113-GBL/TRJ  ) WACKENHUT SERVICES, INC.    )  )    Defendants.       ) _____) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND, ALTERNATIVELY, MEMORANDUM IN SUPPORT OF ITS
MOTION NUNC PRO TUNC TO FILE
SEPTEMBER 24, 2010 MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, Wackenhut Services, Incorporated, by counsel, and responds to Plaintiff's motion to strike Defendant's motion for summary judgment as follows. and to the extent necessary, files this memorandum in support of its motion nunc pro tunc to file its motion for summary judgment, previously filed on September 24, 2010:

1.  Plaintiff fails to inform the Court of critical related history and information about his own conduct and history related to his deposition, upon which the subject motion for summary judgment (based on contributory negligence and assumption of the risk) is premised. It was originally scheduled for July 14, 2010, was not and could not be taken until September 1, 2010, for the reasons described herein below.[1]

---

[1] Plaintiff relegates this crucial history as contained herein, to a single one sentence statement that "Defendant's counsel responded that it could not meet the briefing schedule [mentioned in Plaintiff's subject motion] since Plaintiff was not deposed until September 1, 2010." (Plaintiff's motion, footnote 5.)

1

2. The parties appeared for final pretrial conference on June 16, 2010. At that time, the Court set certain pretrial parameters as reflected in the docket entry at docket number 143, attached hereto as Exhibit A1 and A2. The Court's handwritten notes of the pretrial conference, part of docket number 143, indicated "Briefs due well before 10/8/10 & courtesy copies in chambers by 9/27." The separate minute entry, inter alia, indicated that "Dispositive motions are due 9/24/10. Dispositive Motions Hearing set for 10/8/210 at 10:00 AM before District Judge Gerald Bruce Lee. Briefs are due well before the 10/8/10 hearing, and courtesy copies must be rec'd. by chambers by 9/27/10." Neither document referred, *per se*, to any other briefing schedule.

3. Plaintiff's deposition for July 14, 2010, had previously been coordinated and agreed to by counsel. See attached Notice of Deposition, Exhibit B, generated after earlier related discussions.

4. On or about the evening of July 12, 2010, counsel for Plaintiff telephoned undersigned counsel for the Defendant to advise that the Plaintiff had admitted himself to an unknown and undesignated hospital and would be unavailable for deposition on July 14, 2010. Neither the nature of the hospitalization nor its location were disclosed for several weeks, notwithstanding defense counsel's repeated inquiries concerning the same. That deposition was postponed indefinitely, Defendant reserving all rights.

5. After the June 16, 2010 pretrial conference and prior to July 12, 2010, the parties had discussed a briefing schedule for dispositive motions. It contemplated a September 1, 2010, date by which dispositive motions would be filed, with rebuttals due by September 15, 2010, and replies to the rebuttals by September 24, 2010. These dates, of course, similarly contemplated that Plaintiff's deposition would have been timely taken

on July 14, 2010, as previously arranged, to enable that schedule to be kept. However, Plaintiff's hospitalization, compounded by his/ his counsel's subsequent and continuous failure to disclose the nature of the hospitalization, its location and related information, coupled with opposing counsels' repeated comments to the undersigned that it was not known how long Plaintiff would be in the hospital and therefore, could not provide or agree to any alternate deposition dates, prevented Plaintiff's testimony from promptly being reset.[2]

      6.    Although the parties engaged in preliminary discussions regarding a briefing schedule prior to the Plaintiff's sudden cancellation of his July 14, 2010 deposition, they never filed a formal discovery plan, and the Court never adopted a revised briefing schedule. Accordingly, the September 24, 2010, deadline for dispositive motions established by the Court should govern. See generally Barta v. Sears, Roebuck & Co., 307 F. Supp.2d 773, 780-81 (E.D. Va. 2004) (denying plaintiff's motion to strike defendant's motion for summary judgment as untimely, where the parties had filed a discovery plan setting a deadline for dispositive motions, and the court subsequently issued a Pretrial Order establishing a later deadline for dispositive motions, and never adopted the parties' discovery plan; thus, the parties were bound by the court's Pretrial Order, and defendant's Motion for Summary Judgment filed in accordance with that order was timely). See also Carter v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 75247 (E.D. Va. 2009) (defendant's summary judgment motion was timely when filed within the time period contemplated for dispositive motions in the Court's scheduling order). Here, the parties never finalized a discovery plan and never submitted

---

[2] Defense counsel would also take the opportunity to remind the Court that for medical reasons, he was out of the office for over five weeks beginning on July 19, 2010, this having been made known to the Court at the June pretrial and to opposing counsel well in advance of the same.

such a plan to the Court for approval.  Defendant's Motion for Summary Judgment was timely filed in accordance with the deadline set by the Court, which constitutes the only applicable deadline.  See Barta, *supra* at 780-81.

7. On or about August 9, 2010, Plaintiff's counsel advised that Plaintiff had been hospitalized for undisclosed reasons.  Again, no details were provided.  It was not until August 19, 2010, however, that Mr. Eisenberg sent any related records, attached as Exhibit E.

8. On or about August 19, 2010, the parties were finally able to agree on a new deposition date of September 1, 2010, for Plaintiff's testimony, <u>this date having been requested by Plaintiff,</u> in lieu of the August 31, 2010 date unilaterally selected by counsel for Defendant, having previously received no response from Plaintiff's counsel to defense counsel's prior inquiries for Plaintiff's deposition.  See attached Exhibit C1, C2, C3, C4 and C5.

9. On August 22, 2010, Plaintiff's counsel provided the undersigned with pages of records from Shady Grove Behavioral Health, a sampling of which is attached hereto as Exhibit D.[3]  That is the first time that any information related to the July 12, 2010 hospitalization was disclosed to Defendant.  Immediately upon receipt of the same, related records were requested by WSI.  To the best of the undersigned's knowledge, they have still not been received

10. Plaintiff's deposition was finally taken on September 1, 2010, and, according to the transcript, was concluded at 7:34 PM.  An expedited copy was ordered by Defendant in order to aid/accelerate the generation of Defendant's motion for

---

[3] The entire materials are not now provided, in part, due to respect for Plaintiff's privacy, but will be made available upon request of the Court.

4

summary judgment. Notwithstanding the same, it had less than three weeks from the receipt of that transcript to prepare and file the subject motion for summary judgment, which was predicated entirely on Plaintiff's contributory negligence and assumption of the risk. Of course, such a motion could not be filed without Plaintiff's September 1, 2010 deposition testimony, agreed to by opposing counsel.

11. In <u>Williams v. Grimes Aerospace Co.</u>, 988 F. Supp. 925 (D.S.C. 1997), the Court was faced with similar circumstances. There, the Court refused to entertain the plaintiff's argument that the defendant's motion for summary judgment was untimely, since the plaintiff had delayed in giving her deposition until a month before trial, well after the Court's original deadline for dispositive motions had passed. When the Court had initially learned at a pretrial meeting one month before the scheduled trial date that the plaintiff had not yet given her deposition, the court "was shocked" and ordered the plaintiff to appear for her deposition. The Court also continued the case, without any objection. <u>See</u> <u>id</u>. at 932-33. The Court expressly found that the defendants had a right to depose the plaintiff prior to filing their dispositive motions:

> **It is difficult for the court to believe that counsel for [the plaintiff] expected her adversaries to file motions for summary judgment before her client was even deposed.** The court agrees that all counsel neglected to properly resolve the initial discovery problems and reschedule discovery accordingly…. However, [the plaintiff] **has no right to object to the [summary judgment] motions presently before the court. The defendants had a right to depose the plaintiff prior to filing their motions.**

<u>Id.</u> at 923-33 (emphasis added). Similarly, here, Defendant had the absolute right, not to mention need, to depose the plaintiff prior to filing its dispositive motion. This is especially so since the motion is based on Plaintiff's contributory negligence and

5

assumption of the risk. Plaintiff's objections on untimliness are of the motion are unfounded. See id.

12. On September 24, 2010, believing it to be consistent with the aforementioned entry located at docket 143, Defendant filed its motion for summary judgment. At no time between Plaintiff's September 1, 2010, deposition and the filing of the subject motion did Plaintiff seek clarification of any parameters of any briefing schedule for any dispositive motions. Thereafter, Plaintiff's counsel notified defense counsel of their position that the said motion was untimely. See attached Exhibit F. Defense counsel responded with Exhibit G, attached hereto and reprinted in pertinent part, and which essentially summarized the Defendant's posture:

> ….How in the world could you expect a MSJ on contributory negligence and assumption of the risk to be drafted, not to mention, filed, before/without Mr. Thompson's 9/1 testimony?
>
> You are apparently forgetting our subsequent conversations on the subject, especially those occasioned by your client's pulling the plug on his 7/14 deposition at the last minute with his self-admission to the hospital, then your continued lack of response to our multiple requests for information on his hospitalization/discovery responses, and lack of response to several requests for new deposition dates, ultimately leading to his finally being able to be deposed on September 1. (This doesn't even take into account my one-month+ absence from the office due to my operation.) So you are saying we should have drafted a mesh based contrib. and assumption of the risk/his testimony without his testimony? Or are you saying that we should have deposed him and filed our summary judgment based on his testimony that very night, without a transcript, etc.? (BTW-The transcript reflects the deposition ended at 7:24PM. That would have given us 4+ hours to write and file an exhibit less mesh, without the ability to attach/reference the testimony, etc.) As it is, once we were finally able to depose him, we had less than 3 weeks to pull this motion together to comply with the court's 9/24 date.
>
> Any related scheduling dates hypothetically discussed took place in advance of his 7/14 depot date. By definition, they and the entire concept contemplated that P would be deposed in July as had been prearranged and agreed. It did not occur, through a fault of the D. For whatever reasons,

you were less than helpful/cooperative in resetting the date. (Recall, e.g., that you repeatedly told us you did not know how long he would be in the hospital and once he had been discharged, were less than forthcoming with information and related assistance.)….

13. Plaintiff, having been the unilateral cause and reason for his delayed deposition from July 14, 2010 to September 1, 2010, now seeks to strike Defendant's motion for summary judgment as being untimely. By delaying his post hospitalization deposition and revelation of information relating to it, Plaintiff prevented, certainly prejudiced, Defendant's ability to meet any supposed September 1, 2010, dispositive motions' date. Moreover, Plaintiff's counsel remained entirely silent about this issue throughout the process. In light of Plaintiff's failure to make himself available for deposition, any prior informal discussions between the parties relating to briefing schedules were trumped by Plaintiff's actions and essentially, tantamount to being rendered obsolete/inapplicable.

14. At the time that Defendant's motion for summary judgment was filed, defense counsel did so based on the language of the aforesaid Minute Entry, which did not otherwise mention anything about a briefing schedule. In reviewing Plaintiff's motion and accompanying hearing transcript, he was reminded of the Court's comments that "All of the briefs including reply briefs are to be filed and available to me well in advance of the hearing on October 8 meaning I want to have everything by 27 September, if possible…." [transcript, 6/13-17.] At the hearing, the Court also "invited" the parties to "… give me a schedule that you all agree to about filing of briefs." [transcript, 6/11-12.] That never transpired. Nevertheless, having prejudiced the defense of the case and delayed his deposition testimony, Plaintiff now seeks to strike the subject motion as a result.

15. Where a party's own actions cause an opposing party to delay in filing a motion, there is no legitimate basis for subsequently objecting to the motion as untimely. See Taggart v. Damon Motor Coach, 2007 U.S. Dist. LEXIS 3462, *13 (N.D. W. Va. 2007) (plaintiff's motion filed after the deadline established by local rule was considered to be timely, since defendant's actions had been the cause of plaintiff's delay, and the court concluded that this was a valid excuse). Here, Defendant's motion could not have been filed earlier because of Plaintiff's own conduct in failing to appear for a deposition until September 1, 2010. See Barta, *supra* at 932-33. Thus, Plaintiff should be estopped from objecting to any purported untimeliness. See Taggart, *supra* at *13. See also NLRB v. Alpha Assocs., 2006 U.S. App. LEXIS 21223 (4th Cir. 2006) ("'equitable estoppel precludes one party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity'"), citing International Paper Co. v. Schwabedissen Masch. & Anlagen GMBH, 206 F.3d 411, 417-18 (4th Cir. 2000) (emphasis added).

16. While the parties arguably shared a mutual obligation to clarify and formalize the briefing schedule, taking into account the unforeseen delay in making Plaintiff available for deposition, this does not alter the fact that there was already a schedule in place, as established by the Court. In light of the parties' failure to submit an agreed-upon revised schedule for the Court's approval and adoption, it is submitted that the pre-exiting schedule remained unchanged. Defendant regrets any oversight on its part relative to the lack of a formalized, alternative briefing schedule, but submits that minimally, it should be mutually shared by Plaintiff, rather than his seeking judicial relief, for prolonging Defendant's inability to depose him and to comply with any

September 1, 2010.  That is compounded by the fact that that date was never made part of a formal plan or adopted by the Court.  In any event, to the extent necessary, Defendant moves for leave *nunc pro tunc* to file its motion for summary judgment and requests that the Court set a date by which Plaintiff's rebuttal is due.

17.    Even assuming, *arguendo*, that the parties' informal discussions about a briefing schedule, which occurred prior to Plaintiff's indefinite postponement of his deposition, could be construed as establishing an enforceable deadline, Plaintiff's motion to strike should still be denied, since he cannot establish that he has suffered any resulting prejudice, certainly being able to generate a response, notwithstanding his assertion that his rebuttal brief would be due on October 8, 2010, i.e., the date the Court designated for argument, and otherwise seek a slight modification to it.  To the contrary, the timing of Defendant's motion was entirely occasioned by Plaintiff's request to delay his deposition.  See Federal Election Com'n. v. Franklin, 718 F. Supp. 1272, 1274 (E.D. Va. 1989) (refusing to strike defendant's motion for summary judgment as untimely, where plaintiff was not prejudiced as a result of any delay).  Moreover, the Court has discretion to modify a deadline even where it is established in a scheduling order, for good cause shown.  See Boreman v. United States, 2009 U.S. Dist. LEXIS 22821 (N.D. W. Va. 2009) (modifying deadline for filing summary judgment reply where there was good cause for the delay, and the party seeking to strike the reply failed to show any resulting prejudice), citing Fed. R. Civ. P. 16(b)(4).  Here, there is no prejudice to the Plaintiff due to the timing of Defendant's motion, and Plaintiff's protracted delay in making himself available for deposition constitutes good cause for any theoretical tardiness in the filing of Defendant's motion.\ for summary judgment.

9

18.     Given the totality of the circumstances, the equities, the Plaintiff's conduct, and extreme prejudice to the Defendant in the granting of Plaintiff's motion, Defendant respectfully prays that Plaintiff's motion be denied and that he be ordered to file an opposition in meaningful advance of argument of the motion for summary judgment.

19.     Defendant respectfully requests oral argument of the subject motions.

Respectfully submitted,

DOMBROFF GILMORE JAQUES & FRENCH

_____/s/_____
Donald C. Weinberg, Esq. (VSB No. 17378)
Darcy Cochran (VSB No. 76608)
1676 International Drive
Penthouse
McLean, Virginia 22102
Telephone (703) 336-8800
Facsimile (703) 336-8750
E-mail: dweinberg@dglitigators.com
COUNSEL FOR DEFENDANT
WACKENHUT SERVICES, INCORPORATE

CERTIFICATE OF SERVICE

      I hereby certify that on the 29th day of September, 2010, I will electronically file the foregoing Response to Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment and Memorandum in Support of its motion nunc pro tunc to file its September 24, 2010 motion for summary judgment with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Angela Hope France, Esq.
PCT Law Group, LLC
1725 Duke Street
Suite 240
Alexandria, VA 22314
Telephone: 703-881-9141
Facsimile: 703-972-9153
Co-counsel for Plaintiff
Email: afrance@pctlg.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

Michael D.J. Eisenberg, Esq.
700 12th St. NW, Ste. 700
Washington, DC 20005
Telephone: 202-558-6371
Facsimile: 202-403-3430
Counsel for Plaintiff
Email: michael@eisenberg-lawoffice.com

                                              /s/
                                    Donald C. Weinberg (VSB No. 17378)
                                    Darcy Cochran, Esq. (VSB No. 76608)
                                      1676 International Drive - Penthouse
                                    McLean, Virginia 22102
                                    Telephone (703) 336-8800
                                    Facsimile (703) 336-8750
                                    E-mail: dweinberg@dglitigators.com
                                    COUNSEL FOR DEFENDANT
                                    WACKENHUT SERVICES, INCORPORATED