IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GREGORY THOMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-1113-GBL/TRJ |
| ) | |
| WACKENHUT SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
WACKENHUT SERVICES, INC.'S OMNIBUS MOTION IN LIMINE**

COMES NOW the Defendant, Wackenhut Services, Incorporated ("WSI"), by counsel, and moves of the Court for the entry of an Order preventing, precluding, and prohibiting Plaintiff, at the trial of this cause, from referring or alluding to, directly or indirectly, in any way whatsoever, and moving into evidence or seeking to move into evidence:

1. Other than any first-hand evidence/testimony, any and all evidence of or references to other individuals allegedly slipping/falling, almost falling, or having trouble walking on the date complained of at the Defense Information Systems Agency ("DISA") offices on South Courthouse Road in Arlington, Virginia (the "DISA compound") on the grounds that such evidence is irrelevant, prejudicial, lacks foundation, and constitutes inadmissible hearsay.

"Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is

not relevant is not admissible. Fed. R. Evid. 402. Moreover, even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

2. Other than any first-hand evidence/testimony, any and all evidence of or concerning complaints made about the conditions of the parking lot in the time immediately before and immediately after the subject incident, on the grounds that it constitutes inadmissible hearsay. Fed. R. Evid. 802, 803.

3. Any and all comments about the incident that is the subject of this litigation by non-parties or witnesses not present at trial, and all documents related thereto, including but not limited to comments as to what others said or observed about other individuals slipping/falling on the date complained of, on the basis that all such evidence constitutes inadmissible hearsay. Hearsay evidence is not admissible unless it falls within one of the recognized exceptions to the hearsay rule. Fed. R. Evid. 802, 803.

4. Any and all evidence of or references to the supposed problem of water draining into the lower parking lot of the DISA compound and refreezing during snow/ice events on the basis that such evidence is irrelevant and immaterial. The conditions in the lower parking lot of the DISA compound during a snow/ice event are irrelevant because Plaintiff's accident did not occur in, near, or about that location, and the lower parking lot was in a completely different physical configuration than the parking lot in question. See Fed. R. Evid. 401-402.

5. Any and all evidence that the shortcut route from Building 12 to Building T5 through the parking lot was often used by individuals at the DISA compound on the grounds that all such evidence is irrelevant and immaterial. See Fed. R. Evid. 401-402.

On the day of the incident, WSI performed its services in accordance with its contractual obligations.  Parking lots and pedestrian walking areas (entrances/exits of buildings, sidewalks/designated walkways) were treated for snow and ice in accordance with the contract's terms and/or industry standards.  Evidence suggesting that the route through the parking lot was often used by people does not render it a "designated walkway" or create a contractual obligation to treat it as such.  See Bethesda Area Arlington Service Center Annex 5 Snow and Ice Removal Plan, §§ VIII, IX, attached hereto as Exhibit A; Department of the Navy, Arlington Services Center, Facilities Maintenance and Repair Services, RFP No. 62477-00-D-0043, Annex (5), § 4.6, attached hereto as Exhibit B.

6. Any and all evidence relating to WSI's hiring, training, and safety policies, or the alleged lack thereof, on the grounds that such evidence is irrelevant and immaterial.  Plaintiff has not asserted any allegations or cause of action regarding the training procedures employed by WSI.  See Am. Compl., attached hereto as Exhibit C.  Such evidence is therefore irrelevant and inadmissible.  See Fed. R. Evid. 401-402.

7. Any and all evidence and discovery responses of Plaintiff that are inconsistent with his admissions in his responses to Defendant WSI's Requests for Admissions, attached hereto as Exhibit D.[1]

8. Any evidence, opinion and otherwise, by any lay or expert witnesses as to any supposed adverse conduct/performance by WSI of any services at the DISA compound on a date before or after the incident which is the subject of this litigation and unrelated to it, on the grounds that: (1) all such evidence is irrelevant, immaterial, and prejudicial;

---

[1] Plaintiff responded to the Requests for Admissions multiple times, as the result of motions filed by Defendant.  All responses are attached for completeness.  Defendant submits the last version, i.e., April 30, 2010, D4 is the version is the version that should be considered by the court.

(2) potentially requires expert testimony; and (3) no such experts have been disclosed who will address the same. See Fed. R. Evid. 401-403.

9. Any and all evidence indicating that Plaintiff was on his way to set up a video conference for a three star general and the purpose/subject of that video conference, when he sustained his alleged injuries, on the basis that such evidence is irrelevant, immaterial and prejudicial. See Fed. R. Evid. 401-402.

10. Any and all evidence indicating that Plaintiff went to work on the day of the incident underlying this litigation because he was considered "essential personnel" on the basis that such evidence is irrelevant and immaterial. See Fed. R. Evid. 401-402.

11. Any and all evidence indicating that the Government may have been on 'liberal leave' policy on the day of the incident on the basis that such evidence is without foundation, irrelevant and immaterial. See Fed. R. Evid. 401-402.

12. Any and all evidence indicating that Plaintiff had a security clearance (and any level of security clearance) at DISA and or the U.S. Government, or elsewhere, on the basis that such evidence is prejudicial, irrelevant and immaterial. See Fed. R. Evid. 401-402.

13. Any and all evidence indicating that Plaintiff had received any performance awards as an employee or representative of DISA or elsewhere, on the grounds that such evidence is irrelevant and immaterial. See Fed. R. Evid. 401-402.

14. Any and all evidence indicating or suggesting that the Plaintiff's work, quality of work, or job performance at DISA or elsewhere suffered as the result of or following the incident which is the subject of this litigation on the grounds that such evidence is without foundation, irrelevant, immaterial, and requires expert opinion, no

such expert being disclosed/identified by Plaintiff.  See Fed. R. Evid. 401-402, Fed. R. Civ. P. 26.

15. Any rebuttal/rebuttal opinions offered by any of Plaintiff's expert witnesses, on the grounds that, by prior Court Order, they have been prohibited.  See Ct. Order, April 30, 2010.

16. As to any of Defendant's experts that are board certified (or the equivalent) and were board certified on the date of their examination(s) of Plaintiff/review of his records, that they may have been unsuccessful in any prior attempts/requests for board certification in their respective fields of expertise, on the grounds that the same is irrelevant, immaterial, and prejudicial.  Fed. R. Evid. 401-403.

17. Any and all references to liability insurance/any insurance policies maintained by WSI.  See Xcoal Energy & Res. LP v. Smith, No. 2:07CV00057, 2009 U.S. Dist. LEXIS 99161, at *12 (W.D. Va. October 26, 2009) citing Speet v. Bacaj, 377 S.E.2d 397 (Va. 1989).

18. Any direct opinion testimony and expert evidence of and from any of Plaintiff's witnesses who are expert witnesses, including but not limited to physicians and others in medical fields, and who are listed in Plaintiff's witness list as witnesses, fact or otherwise, but were not previously designated or properly identified as expert witnesses.

WSI propounded discovery requests to Plaintiff.  Included were interrogatory 1 and RFP, attached as Exhibits E and F.  They included the following language:

Interrogatory

1.     State the name and addresses of each and every expert whom you expect to call as an expert witness at trial, and as to each:
    (a) state the subject matter on which the expert is expected to testify;

>       (b) state the substance of the facts and opinions to which the expert is expected to testify;
>       (c) provide a summary of the grounds for each opinion; and
>       (d) attach copies of all reports from those experts and correspondence to and from them.

RESPONSE:

Dr. Samuel Rock will testify as to Plaintiff's psychological conditions caused by the accident in question.

DR. MARVIN PIETRUSZKA, will testify as to Plaintiff's physical condition caused by the incident in question.

Richard Arlington, III will testify as to the Defendant's duties perform snow and ice removal at the site in question on the day in question.

ERIC M. SHERMAN, CPA will testify as to the Plaintiff's loss of income and associated medical expenses due to the incident in question.

Beyond the information already provided in this Answer, additional information will be provided as it becomes available.

For contact information, see vitas from Answer 13 from Production of Documents.

See Attached P18.  Pursuant to the Rules of Evidence, these Reports will be supplemented as appropriate.

Request for Production

10.     Reports and correspondence of all experts expected to testify at the trial of this matter.

RESPONSE:[2] Privileged – Attorney-Client-Employee of Attorney. Without waving said objection, Plaintiff will provide said documentation as the issue is developed.  See also Answers 3,5,10,14.

11.     All documents, records and things provided to or relied on by your experts expected to testify in formulating their opinions herein.

RESPONSE:  See 10.

---

[2] Plaintiff has informally provided Defendant with records.  The responses indicated are the last known formal responses.

12. Any and all documents provided to or received from any of Plaintiff's experts.

RESPONSE: See 10.

13. The Curriculum Vitae of each expert witness expected to testify on behalf of the Plaintiff.

RESPONSE: See Attachment 13. Additional vitas will be provided as they are obtained.

14. All bills/statements for services rendered by each and every expert you intend to call at the trial hereof.

RESPONSE: See 10. In the interim, please see Attachment 14.

Plaintiff has never properly responded to these discovery requests as to Drs. James Yan, Babak Arvanaghi, Roxanne Edwards, Hector Asuncion, Andrew Panagos, Susan Riordan, or Fraser Henderson. Dr. James Weiss is believed to have begun treating Plaintiff in August, 2010. His complete records have yet to be provided to Defendant by Plaintiff. Similarly, they have never been identified in Plaintiff's Rule 26 disclosures.

A party who fails to disclose information in compliance with Rule 26 without substantial justification "shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(2). [Emphasis added.] "The determination of whether a Rule 26 violation is [substantially] justified or harmless is entrusted to the broad discretion of the district court." Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996); see Adalman v. Baker, Watts & Co., 807 F.2d 359, 369 (4th Cir. 1986).

19. To the extent not included in #18, above, any direct expert testimony and evidence requiring, in any way, application of any expertise, of and from any of

Plaintiff's witnesses who are expert witnesses, including but not limited to physicians and others in medical fields, and who are listed in Plaintiff's witness list, but were not previously designated or properly identified as expert witnesses.  <u>Fed. R. Civ. P. 37(c)(2) and the same grounds articulated in number 18, above</u>.

>                    WACKENHUT SERVICES, INCORPORATED
>                    By: Counsel
>
>                    DOMBROFF GILMORE JAQUES & FRENCH
>
>
>                    _____/s/_____
>                    Donald C. Weinberg, Esq. (VSB No. 17378)
>                    1676 International Drive - Penthouse
>                    McLean, Virginia 22102
>                    Telephone (703) 336-8800
>                    Facsimile (703) 336-8750
>                    E-mail: dweinberg@dglitigators.com
>                    COUNSEL FOR DEFENDANT
>                    WACKENHUT SERVICES, INCORPORATED

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Angela H. France, Esq. (VSB No. 46862)
PCT Law Group, PLLC
1725 Duke Street, Suite 240
Alexandria, Virginia  22314
Telephone: 703.881.9141
Facsimile: 703.972.9153
Email:  afrance@pctlg.com
Co-Counsel for Plaintiff
Sponsor for Michael D.J. Eisenberg's Pro Hac Vice status

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

Michael D.J. Eisenberg
700 12th St. NW, Ste. 700
Washington, DC 20005
Telephone: 202-558-6371
Facsimile: 202-403-3430
Email: michael@eisenberg-lawoffice.com
Counsel Pro Hac Vice for Plaintiff

                                                  /s/
                                      Donald C. Weinberg (VSB No. 17378)
                                      1676 International Drive - Penthouse
                                      McLean, Virginia 22102
                                      Telephone (703) 336-8800
                                      Facsimile (703) 336-8750
                                      E-mail: dweinberg@dglitigators.com
                                      COUNSEL FOR DEFENDANT
                                      WACKENHUT SERVICES, INCORPORATED