IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

GREGORY THOMPSON )
)
Plaintiff, )
)
v. )   CASE NO. 1:09-cv-1113-GBL/TRJ
)
WACKENHUT SERVICES, )
INCORPORATED )
)
Defendant. )
)

**DEFENDANT WACKENHUT SERVICES, INCORPORATED'S REQUESTS FOR
ADMISSION, INTERROGATORY, AND REQUESTS FOR PRODUCTION**

TO:  GREGORY THOMPSON, Plaintiff

COMES NOW the Defendant, Wackenhut Services, Incorporated by counsel,

pursuant to the Federal Rules of Civil Procedure, and

### A.    REQUESTS FOR ADMISSION

Requests that you admit the following.

a)    These Requests refer to the time, place and circumstances of the

occurrence mentioned or complained of in the pleadings.

b)    Unless otherwise indicated, "the building" refers to the building from

which you had most recently exited prior to the alleged event:

1.    Between the time of your arrival at work on the day in question and the

time of the alleged incident, there was no perceptible change in weather conditions in

the immediate vicinity/at and around your place of employment.

ANSWER:



2.     Between the time of your arrival at work on the day in question and the time of the alleged incident, there was no perceptible change in the surface conditions of any relevant area of the parking lot(s) at and around your place of employment.

ANSWER:

3.     At the time you arrived at work on the day in question, and at the location at which you parked your automobile, some visible remnants of ice and snow were on the ground/parking lot.

ANSWER:

4.     On the date and time in question, there were some visible remnants of ice and snow on the route of travel that you took from the location in which you parked your car to the entranceway of the building you first entered at your place of employment.

ANSWER:

5.     The area at which you parked your automobile upon your arrival at work on the day in question had been plowed/cleared and treated for ice.

ANSWER:

6.     The area at which you parked your automobile upon your arrival at work on the day in question showed signs of having been plowed/cleared and treated for ice.

ANSWER:

7.     The area at which you parked your automobile upon your arrival at work on the day in question had been plowed/cleared and treated for snow.

ANSWER:

8.     The area at which you parked your automobile upon your arrival at work on the day in question showed signs of having been plowed/cleared and treated for snow.

ANSWER:

9.    The path of travel that you took into the building you first entered at your place of employment after parking your car had been cleared of snow.

ANSWER:

10.    The path of travel that you took into the building you first entered at your place of employment after parking your car showed signs of having been cleared of snow.

ANSWER:

11.    The path of travel that you took into the building you first entered at your place of employment after parking your car had been cleared/treated for ice.

ANSWER:

12.    The path of travel that you took into the building you first entered at your place of employment after parking your car showed signs of having been cleared/treated for ice.

ANSWER:

13.   At all relevant times, the designated/defined exterior walking areas/walkways/sidewalks of the subject parking areas at your place of employment had been cleared of snow and treated for ice.

ANSWER:

14.   At all relevant times, the designated/defined exterior walking areas/walkways/sidewalks of the subject parking areas at your place of employment showed signs of having been cleared of/treated for snow.

ANSWER:

15.   At all relevant times, the designated/defined exterior walking areas/walkway/sidewalks s of the subject parking areas at your place of employment showed signs of having been cleared/treated for ice.

ANSWER:

16.   The route of travel you took upon leaving the building en route to your destination was not the only visible route available to your ultimate destination.

ANSWER:

17.     Upon leaving the building, other visible available routes of travel to your destination were more clear of snow than the location of your fall.

ANSWER:

18.     Upon leaving the building, other visible available routes of travel to your destination were more clear of ice than the location of your fall.

ANSWER:

19.     Upon leaving the building, other visible available routes of travel to your destination were more clear of snow than the route of travel that you talk at the time of your alleged fall.

ANSWER:

20.    Upon leaving the building, other visible available routes of travel to your destination were more clear of ice than the route of travel that you took at the time of your alleged fall.

ANSWER:

21.    Between the time that the weather event/relevant precipitation began and the time of the alleged fall, the precipitation had not ended.

ANSWER:

22.    Between the time that the weather events/relevant precipitation began and the time of the alleged fall, the precipitation had not abated.

ANSWER:

23.    The location of your alleged fall was between parked automobiles in the subject parking lot, and

  a)  Those automobiles were/had been parked in the same location at all relevant times herein.

7

b) Those automobiles did not belong to you.

c) You had not occupied any of those automobiles on the day of the alleged incident and prior to it.

ANSWER:

24.   The location of your alleged fall was not on a designated walkway/sidewalk/thoroughfare.

ANSWER:

25.   The location of your alleged fall was not on a defined walkway/sidewalk/thoroughfare.

ANSWER:

26.   At the time of your alleged fall, your destination was not a vehicle that was parked in the parking lot/area in which you fell.

ANSWER:

B.   SECOND SET OF INTERROGATORIES TO PLAINTIFF

Propounds the following interrogatory:

(a) This Interrogatory is continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial concerning the names and addresses of witnesses and expert witnesses to be called to trial and where earlier answers are known to have been incorrect or are rendered incorrect.

(b) Where the name or identity of a person is requested, please state full name, home address and also business address, if known.

(c) Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

(d) Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, his attorneys.

(e) The pronoun "you" refers to the party to whom these Interrogatories are addressed and the persons listed in clause (d).

(f) If any information withheld or any interrogatory objected to or refused under any basis, including the basis of privilege or attorney work product and trial preparation, identify and describe the information and the grounds upon which it is being withheld, or the interrogatory objected to or refused in such a manner that without revealing the information will enable the assessment of the application of the privilege or protection.

(g) Unless otherwise indicated, "the building" refers to the building from which you had last exited prior to your alleged fall.

INTERROGATORY

1. As to each and every part and subpart of the above Requests for Admissions that you denied, describe the reasons therefor and state and describe in detail all facts known by you concerning and supporting the same, and identify all documents containing information regarding the same.

**ANSWER:**

## C.   SECOND REQUEST FOR PRODUCTION

Requests that the documents and things herein requested be produced at the offices of Dombroff & Gilmore, 1676 International Drive – Penthouse, McLean, VA, 22102 on the 19th day of April, 2010 at 10:00 A.M., except that compliance with this Request may be made by mailing copies of such documents to the Defendant's attorneys, such mailings to be postmarked prior to the aforementioned date:

1. Any and all documents relating to Interrogatory Number 1 hereinabove.

WACKENHUT SERVICES, INCORPORATED
By: Counsel


DOMBROFF GILMORE JAQUES & FRENCH

_By:_ _[signature]_

Donald C. Weinberg, Esq. (VSB No. 17378)
1676 International Drive - Penthouse
McLean, Virginia 22102
Telephone (703) 336-8800
Facsimile (703) 336-8750
E-mail: dweinberg@dglitigators.com
Counsel for Defendant Wackenhut Services, Incorporated


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendant's Requests for Admission, Interrogatory, and Request for Production was sent via first class mail, postage prepaid, on the 19th day of March, 2010, to:

Michael D.J. Eisenberg
700 12th St. NW, Ste. 700
Washington, DC 20005
Counsel Pro Hac Vice for Plaintiff
Email: michael@eisenberg-lawoffice.com

David Kaufman
11350 Random Hills Road, Ste. 800
Fairfax, VA 22030
Co-Counsel for Plaintiff
Email: david@businessbrawls.com

_[signature]_

Donald C. Weinberg, Esq. (VSB No. 17378)
1676 International Drive - Penthouse
McLean, Virginia 22102
Telephone (703) 336-8800
Facsimile (703) 336-8750
E-mail: dweinberg@dglitigators.com
Counsel for Defendant Wackenhut Services, Incorporated

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GREGORY THOMPSON,       )
                             )
         Plaintiff,     )
                             )    No. 1:09cv1113
         v.         )
                             )
WACKENHUT SERVICES, INC.,    )
                             )
        Defendant.    )
                             )
                             )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### REQUEST FOR ADMISSIONS, SECOND SET OF INTEROGATORIES,
### AND SECOND SET FOR PRODUCTION OF DOCUMENTS

A.  Respondent objects to DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF INTEROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS to the extent that they seek to impose upon Respondent's obligations or burdens that are greater than, or inconsistent with, Rule 26 of the Federal Rules of Civil Procedure.

B.  Respondent objects generally to DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF INTEROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS on the grounds that they are overly broad and burdensome.  Respondent has made a good faith effort to respond to the Request for Production of Docments, but reserves the right to object to, and to move to have vacated, all of DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF INTEROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS .

C. The following responses and objections are based upon information now known.  PLAINTIFF Greg Thompson has not yet completed discovery or preparation for trial in this action and therefore will supplement these responses and objections to the extent required by the Federal and Local Rules of Civil Procedure.

D.  Without waiving these objections and by way of response, Respondent provides the following responses.

To be supplemented as discussed with Defendant's counsel.

1. Between the time of your arrival at work on the day in question and the time of the alleged incident, there was no perceptible change in weather conditions in the immediate vicinity/at and around your place of employment.



ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

2. Between the time of your arrival at work on the day in question and the time of the alleged incident, there was no perceptible change in the surface condition of any relevant area of the parking lots) at and around your place of employment.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

3. At the time you arrived at work on the day in question, and at the location at which you parked your automobile, some visible remnants of ice and snow were on the ground/parking lot.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

4. On the date and time in question, there were some visible remnants of ice and snow on the route of travel that you took from the location in which you parked your car to the entranceway of the building you first entered at your place of employment.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

5. The area at which you parked your automobile upon your arrival at work on the day in question had been plowed/cleared and treated for ice.
ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

6. The area at which you parked your automobile upon your arrival at work on the day in question showed signs of having been plowed/cleared and treated for Ice.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

7. The area at which you parked your automobile upon your arrival at work on the day in question had been plowed/cleared and treated for snow.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

8. The area at which you parked your automobile upon your arrival at work on the day in question showed signs of having been plowed/cleared and treated for
snow.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

9. The path of travel that you took into the building you first entered at your place of employment after parking your car had been cleared of snow.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

10. The path of travel that you took into the building you first entered at your place of employment after parking your car showed signs of having been cleared of snow.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

11. The path of travel that you took into the building you first entered at your place of employment after parking your car had been cleared/treated for ice.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

12. The path of travel that you took into the building you first entered at your place of employment after parking your car showed signs of having been cleared/treated for ice.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

13. At all relevant times, the designated/defined exterior walking areas/walkways/sidewalks of the subject parking areas at your place of employment had been cleared of snow and treated for ice.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment. Withoutwaving said objection,

14. At all relevant times, the designated/defined exterior walking

areas/walkways/sidewalks of the subject parking areas at your place of employment
showed signs ofhaving been cleared of/treated for snow.
ANSWER:

15. At all relevant times, the designated/defined exterior walking
areas/walkway/sidewalks s of the subject parking areas at your place of employment showed signs of
having been cleared/treated for ice.

ANSWER:

16. The route of travel you took upon leaving the building en route to your destination was not the only
visible route available to your ultimate destination.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an
expert regarding meteorological studies nor snow removal and road and pavement treatment.
Withoutwaving said objection,

17.  Upon leaving the building, other visible available routes of travel to your destination were more clear
ofsnow than the location of your fall.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an
expert regarding meteorological studies nor snow removal and road and pavement treatment.
Withoutwaving said objection,

18. Upon leaving the building, other visible available routes of travel to your destination were more clear
ofice than the location of your fall.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an
expert regarding meteorological studies nor snow removal and road and pavement treatment.
Withoutwaving said objection,

19. Upon leaving the building, other visible available routes of travel to your destination were more clear of
snow than the route of travel that you talk at the time of your alleged fall.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an
expert regarding meteorological studies nor snow removal and road and pavement treatment.
Withoutwaving said objection,

20. Upon leaving the building, other visible available routes of travel to your destination were more
clear of ice than the route of travel that you took at the time of
your alleged fall.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an
expert regarding meteorological studies nor snow removal and road and pavement treatment.
Withoutwaving said objection,

21. Between the time that the weather event/relevant precipitation began and the time of the alleged
fall, the precipitation had not ended.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment.  Withoutwaving said objection,

22. Between the time that the weather events/relevant precipitation began and the time of the alleged fall, the precipitation had not abated.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal and road and pavement treatment.  Withoutwaving said objection,

23. The location of your alleged fall was between parked automobiles in the subject parking lot, and

a) Those automobiles were/had been parked in the same location at all relevant times herein.

ANSWER:  Objection – Vague.

b) Those automobiles did not belong to you.

ANSWER:  Objection – vauge.

c) You had not occupied any of those automobiles on the day of the alleged incident and prior to it.

ANSWER:  vague.

24. The location of your alleged fall was not on a designated walkway/sidewalk/thoroughfare.

ANSWER:  Objection – goes to the matter to be proven in court, vauge.

25. The location of your alleged fall was not on a defined walkway/sidewalk/thoroughfare.

Objection – goes to the matter to be proven in court, vauge.

26. At the time of your alleged fall, your destination was not a vehicle that was parked in the parking lot/area in which you fell.

ANSWER:

Respectfully,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg

700 12th Street, NW
Suite 700
Washington, DC  20005
O:  (202) 558-6371
F:  (202) 403-3430
michael@eisenberg-lawoffice.com
Counsel Pro Hac Vice
for Plaintiff Gregory Thompson

/s/ David Kaufman
David Kaufman
11350 Random Hills Road  STE 800
Fairfax, Virginia 22030
O:  703-764-9080/F:  703-764-0014
Co-Counsel for Plaintiff
Gregory Thompson, VSB 33135
Co-Counsel for Mr. Thompson
Sponsor for Michael D.J. Eisenberg's
Pro Hac Vice Status

## CERTIFICATE OF SERVICE

I hereby certify that the aforementioned, was sent on April 19, 2010, in the manner indicated, to the following:


via E-mail to:
Don Weinberg
Dweinberg@dglitigators.com


/s/ David Kaufman
David Kaufman
11350 Random Hills Road  STE 800
Fairfax, Virginia 22030
O:  703-764-9080
F:  703-764-0014
Co-Counsel for Plaintiff, Gregory Thompson,
Virginia-barred Attorney
Co-Counsel for Mr. Thompson
Sponsor for Michael D.J. Eisenberg's Pro Hac
Vice Status

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| GREGORY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:09cv1113 |
| v. | ) | |
| | ) | |
| WACKENHUT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
REQUEST FOR ADMISSIONS, SECOND SET OF INTERROGATORIES,
AND SECOND SET FOR PRODUCTION OF DOCUMENTS**

A.  Respondent objects to DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF
INTERROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS to the extent
that they seek to impose upon Respondent's obligations or burdens that are greater than, or inconsistent
with, Rule 26 of the Federal Rules of Civil Procedure.

B.  Respondent objects generally to DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET
OF INTERROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS on the
grounds that they are overly broad and burdensome.  Respondent has made a good faith effort to
respond to the Request for Production of Documents, but reserves the right to object to, and to move to
have vacated, all of DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF
INTERROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS .

C.  The following responses and objections are based upon information now known.  PLAINTIFF Greg
Thompson has not yet completed discovery or preparation for trial in this action, and therefore, will
supplement these responses and objections to the extent required by the Federal and Local Rules of
Civil Procedure.

D.  Without waiving these objections and by way of response, Respondent provides the following
responses.

E.  All Answers will be supplemented as the case progresses and more information is obtained and assessed.

1. Between the time of your arrival at work on the day in question and the time of the alleged incident,
there was no perceptible change in weather conditions in the immediate vicinity at and around your

EXHIBIT
D3

place of employment.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment. Without waiving said objection, Plaintiff does not recollect.

2. Between the time of your arrival at work on the day in question and the time of the alleged incident, there was no perceptible change in the surface condition of any relevant area of the parking lots) at and around your place of employment.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment. Without waiving said objection, No, there was no change in any part of the surface area. Nothing had been treated.

3. At the time you arrived at work on the day in question, and at the location at which you parked your automobile, some visible remnants of ice and snow were on the ground/parking lot.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment. Without waiving said objection, yes.

4. On the date and time in question, there were some visible remnants of ice and snow on the route of travel that you took from the location in which you parked your car to the entranceway of the building you first entered at your place of employment.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment. Without waiving said objection, Yes, it was iced from the parking lot to Plaintiff's office location T-5.

5. The area at which you parked your automobile upon your arrival at work on the day in question had been plowed/cleared and treated for ice.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment. Without waiving said objection, Plaintiff does not remember if a plow had come through. I just remember how icy a walk it was from my vehicle.

6. The area at which you parked your automobile upon your arrival at work on the day in question showed signs of having been plowed/cleared and treated for ice.

ANSWER: Objection – goes to the matter to be proven in court. Furthermore, Plaintiff is not an

expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, Plaintiff does not remember.

7. The area at which you parked your automobile upon your arrival at work on the day in question had been plowed/cleared and treated for snow.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, Plaintiff does not remember.

8. The area at which you parked your automobile upon your arrival at work on the day in question showed signs of having been plowed/cleared and treated for snow.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, Plaintiff does not remember.

9. The path of travel that you took into the building you first entered at your place of employment after parking your car had been cleared of snow.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

10. The path of travel that you took into the building you first entered at your place of employment after parking your car showed signs of having been cleared of snow.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

11. The path of travel that you took into the building you first entered at your place of employment after parking your car had been cleared/treated for ice.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

12. The path of travel that you took into the building you first entered at your place of employment after parking your car showed signs of having been cleared/treated for ice.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an

expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

13. At all relevant times, the designated/defined exterior walking areas/walkways/sidewalks of the subject parking areas at your place of employment had been cleared of snow and treated for ice.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

14. At all relevant times, the designated/defined exterior walking areas/walkways/sidewalks of the subject parking areas at your place of employment showed signs of having been cleared of/treated for snow.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

15. At all relevant times, the designated/defined exterior walking areas/walkway/sidewalks of the subject parking areas at your place of employment showed signs of having been cleared/treated for ice.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

16. The route of travel you took upon leaving the building en route to your destination was not the only visible route available to your ultimate destination.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, No, nothing was visible, everything was covered with snow and ice. No pathways had been cleared.

17. Upon leaving the building, other visible available routes of travel to your destination were more clear of snow than the location of your fall.

ANSWER:  Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, No, nothing was visible to see where to walk.

18. Upon leaving the building, other visible available routes of travel to your destination were more clear office than the location of your fall.

ANSWER: Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

19. Upon leaving the building, other visible available routes of travel to your destination were more clear of snow than the route of travel that you took at the time of your alleged fall.

ANSWER: Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

20. Upon leaving the building, other visible available routes of travel to your destination were more clear of ice than the route of travel that you took at the time of your alleged fall.

ANSWER: Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, no.

21. Between the time that the weather event/relevant precipitation began and the time of the alleged fall, the precipitation had not ended.

ANSWER: Objection – goes to the matter to be proven in court.  Furthermore, Plaintiff is not an expert regarding meteorological studies, nor snow removal, and road and pavement treatment.  Without waiving said objection, Plaintiff does not remember.

22. Between the time that the weather events/relevant precipitation began and the time of the alleged fall, the precipitation had not abated.

ANSWER: Objection – goes to the matter to be proven in court.  Redundant.  Furthermore, Plaintiff is not an expert regarding meteorological studies nor snow removal, and road and pavement treatment.  Without waiving said objection, Plaintiff does not remember.

23. The location of your alleged fall was between parked automobiles in the subject parking lot, and

a) Those automobiles were/had been parked in the same location at all relevant times herein.

ANSWER: Objection – vague.  To the best of Plaintiff's knowledge, there were no cars in his immediate area where he fell.

b) Those automobiles did not belong to you.

ANSWER:  Objection – vague.  No, his car was in a different lot.

c) You had not occupied any of those automobiles on the day of the alleged incident and prior to it.

ANSWER:  Objection - vague.  No, Plaintiff did not occupy any of these cars.

24. The location of your alleged fall was not on a designated walkway/sidewalk/thoroughfare.

ANSWER:  Objection – goes to the matter to be proven in court, vague.  See Answer 25, *infra*.

25. The location of your alleged fall was not on a defined walkway/sidewalk/thoroughfare.

Objection – goes to the matter to be proven in court, vague.  Without waiving said objection, the route taken was a common thoroughfare utilizied by DISA employees.

26. At the time of your alleged fall, your destination was not a vehicle that was parked in the parking lot/area in which you fell.

ANSWER:  Yes.

In response to Defendant's Second set of Interrogatories and Request for Production, Plaintiff references his reply to the Defendant's First set of Interrogatories and Request for Production.

Respectfully,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
700 12th Street, NW
Suite 700
Washington, DC  20005
O:  (202) 558-6371
F:  (202) 403-3430
michael@eisenberg-lawoffice.com
Counsel Pro Hac Vice
for Plaintiff Gregory Thompson

/s/ David Kaufman
David Kaufman
11350 Random Hills Road  STE 800
Fairfax, Virginia 22030
O:  703-764-9080/F:  703-764-0014
Co-Counsel for Plaintiff
Gregory Thompson, VSB 33135
Co-Counsel for Mr. Thompson

Sponsor for Michael D.J. Eisenberg's
Pro Hac Vice Status

## CERTIFICATE OF SERVICE

I hereby certify that the aforementioned, was sent on April 20, 2010, in the manner indicated, to the following:


via E-mail to:
Don Weinberg
Dweinberg@dglitigators.com


/s/ David Kaufman
David Kaufman
11350 Random Hills Road  STE 800
Fairfax, Virginia 22030
O:  703-764-9080
F:  703-764-0014
Co-Counsel for Plaintiff, Gregory Thompson,
Virginia-barred Attorney
Co-Counsel for Mr. Thompson
Sponsor for Michael D.J. Eisenberg's Pro Hac
Vice Status

Sincerely,

Michael Eisenberg

Law Office of Michael D.J. Eisenberg
Attorney and Counselor at Law
700 12th Street, NW
Suite 700
Washington, DC  20005
michael@eisenberg-lawoffice.com
www.eisenberg-lawoffice.com
O:  (202) 558-6371
F:  (202) 403-3430

CONFIDENTIALITY NOTICE: This message is intended only for the person or entity to which it is
addressed and may contain confidential and/or privileged material. Any unauthorized review, use,
disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by
reply and destroy all copies of the original message.  If you are the intended recipient but do not wish to
receive communications through this medium, please advise the sender immediately.

LEGAL NOTICE:  The information presented in this e-mail should not be construed to be formal legal
advice nor the formation of a lawyer/client relationship.

 Think Green! Please do not print this e-mail unless necessary

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| GREGORY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:09cv1113 |
| | ) | |
| v. | ) | |
| | ) | |
| WACKENHUT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF INTERROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS

A.  Respondent objects to DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF INTERROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS to the extent that they seek to impose upon Respondent's obligations or burdens that are greater than, or inconsistent with, Rule 26 of the Federal Rules of Civil Procedure.

B.  Respondent objects generally to DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF INTERROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS on the grounds that they are overly broad and burdensome.  Respondent has made a good faith effort to respond to the Request for Production of Documents, but reserves the right to object to, and to move to have vacated, all of DEFENDANT'S REQUEST FOR ADMISSIONS, SECOND SET OF INTERROGATORIES, AND SECOND SET FOR PRODUCTION OF DOCUMENTS.

C.  The following responses and objections are based upon information now known.  PLAINTIFF Greg Thompson has not yet completed discovery or preparation for trial in this action, and therefore, will supplement these responses and objections to the extent required by the Federal and Local Rules of Civil Procedure.

D.  Without waiving these objections and by way of response, Respondent provides the following responses.

E.  All Answers will be supplemented as the case progresses and more information is obtained and assessed.

1. Between the time of your arrival at work on the day in question and the time of the alleged incident, there was no perceptible change in weather conditions in the immediate vicinity at and around your

EXHIBIT
D4

place of employment.

ANSWER: **Lack of knowledge or information** – the information Plaintiff needs to properly reply is held by the Government. Plaintiff suffered a concussion on the day in question. The Government, as the Court knows, had been uncooperative in producing the witnesses, things, and materials needed to respond.

2. Between the time of your arrival at work on the day in question and the time of the alleged incident, there was no perceptible change in the surface condition of any relevant area of the parking lots) at and around your place of employment.

ANSWER: **Admit**. Nothing had been treated.

3. At the time you arrived at work on the day in question, and at the location at which you parked your automobile, some visible remnants of ice and snow were on the ground/parking lot.

ANSWER: **Admit**.

4. On the date and time in question, there were some visible remnants of ice and snow on the route of travel that you took from the location in which you parked your car to the entranceway of the building you first entered at your place of employment.

ANSWER: **Admit**: It was iced from the parking lot to Plaintiff's office location T-5.

5. The area at which you parked your automobile upon your arrival at work on the day in question had been plowed/cleared and treated for ice.

ANSWER: **Lack of knowledge or information** – the information Plaintiff needs to properly reply is held by the Government. Plaintiff suffered a concussion on the day in question. The Government, as the Court knows, had been uncooperative in producing the witnesses, things, and materials needed to respond.

6. The area at which you parked your automobile upon your arrival at work on the day in question showed signs of having been plowed/cleared and treated for ice.

ANSWER: **Lack of knowledge or information** – the information Plaintiff needs to properly reply is held by the Government. Plaintiff suffered a concussion on the day in question. The Government, as the Court knows, had been uncooperative in producing the witnesses, things, and materials needed to respond.

7. The area at which you parked your automobile upon your arrival at work on the day in question had been plowed/cleared and treated for snow.

ANSWER: **Lack of knowledge or information** – the information Plaintiff needs to properly reply is held by the Government. Plaintiff suffered a concussion on the day in question. The Government, as the Court knows, had been uncooperative in producing the witnesses, things, and materials needed to respond.

8. The area at which you parked your automobile upon your arrival at work on the day in question showed signs of having been plowed/cleared and treated for snow.

ANSWER: **Lack of knowledge or information** – the information Plaintiff needs to properly reply is held by the Government. Plaintiff suffered a concussion on the day in question. The Government, as the Court knows, had been uncooperative in producing the witnesses, things, and materials needed to respond.

9. The path of travel that you took into the building you first entered at your place of employment after parking your car had been cleared of snow.

ANSWER: **Deny.**

10. The path of travel that you took into the building you first entered at your place of employment after parking your car showed signs of having been cleared of snow.

ANSWER: **Deny.**

11. The path of travel that you took into the building you first entered at your place of employment after parking your car had been cleared/treated for ice.

ANSWER: **Deny.**

12. The path of travel that you took into the building you first entered at your place of employment after parking your car showed signs of having been cleared/treated for ice.

ANSWER: **Deny.**

13. At all relevant times, the designated/defined exterior walking areas/walkways/sidewalks of the subject parking areas at your place of employment had been cleared of snow and treated for ice.

ANSWER: **Deny.**

14. At all relevant times, the designated/defined exterior walking areas/walkways/sidewalks of the subject parking areas at your place of employment showed signs of having been cleared of/treated for snow.

ANSWER: **Deny.**


15. At all relevant times, the designated/defined exterior walking areas/walkway/sidewalks of the subject parking areas at your place of employment showed signs of having been cleared/treated for ice.

ANSWER: **Deny.**


16. The route of travel you took upon leaving the building en route to your destination was not the only visible route available to your ultimate destination.

ANSWER: **Deny.** Nothing was visible, everything was covered with snow and ice. No pathways had been cleared.

17. Upon leaving the building, other visible available routes of travel to your destination were more clear of snow than the location of your fall.

ANSWER: **Deny.** No, nothing was visible to see where to walk.


18. Upon leaving the building, other visible available routes of travel to your destination were more clear office than the location of your fall.

ANSWER: **Deny.**


19. Upon leaving the building, other visible available routes of travel to your destination were more clear of snow than the route of travel that you took at the time of your alleged fall.

ANSWER: **Deny.**


20. Upon leaving the building, other visible available routes of travel to your destination were more clear of ice than the route of travel that you took at the time of your alleged fall.

ANSWER: **Deny.**


21. Between the time that the weather event/relevant precipitation began and the time of the alleged fall, the precipitation had not ended.

ANSWER: **Lack of knowledge or information** – the information Plaintiff needs to properly reply is held by the Government. Plaintiff suffered a concussion on the day in question. The Government, as

the Court knows, had been uncooperative in producing the witnesses, things, and materials needed to respond.

22. Between the time that the weather events/relevant precipitation began and the time of the alleged fall, the precipitation had not abated.

ANSWER: **Lack of knowledge or information** – the information Plaintiff needs to properly reply is held by the Government. Plaintiff suffered a concussion on the day in question. The Government, as the Court knows, had been uncooperative in producing the witnesses, things, and materials needed to respond.

23. The location of your alleged fall was between parked automobiles in the subject parking lot, and

a) Those automobiles were/had been parked in the same location at all relevant times herein.

ANSWER: **Lack of knowledge or information** – the information Plaintiff needs to properly reply is held by the Government. Plaintiff suffered a concussion on the day in question. The Government, as the Court knows, had been uncooperative in producing the witnesses, things, and materials needed to respond.

b) Those automobiles did not belong to you.

ANSWER: **Admit.** His car was in a different lot.

c) You had not occupied any of those automobiles on the day of the alleged incident and prior to it.

ANSWER: **Deny.** Plaintiff did not occupy any of these cars.

24. The location of your alleged fall was not on a designated walkway/sidewalk/thoroughfare.

ANSWER: **Admit.** See Answer 25, *infra*.

25. The location of your alleged fall was not on a defined walkway/sidewalk/thoroughfare.

Objection – goes to the matter to be proven in court, vague. **Admit.** But the route taken was a common thoroughfare utilized by DISA employees.

26. At the time of your alleged fall, your destination was not a vehicle that was parked in the parking lot/area in which you fell.

ANSWER: **Admit.**

I swear under penalty of perjury that the aforementioned is true to the best of my knowleldge.

_____                        _____
Greg Thompson                                              Date

In response to Defendant's Second set of Interrogatories and Request for Production, Plaintiff references his reply to the Defendant's First set of Interrogatories and Request for Production.


Respectfully,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
700 12th Street, NW
Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
michael@eisenberg-lawoffice.com
Counsel Pro Hac Vice
for Plaintiff Gregory Thompson

/s/ David Kaufman
David Kaufman
11350 Random Hills Road STE 800
Fairfax, Virginia 22030
O: 703-764-9080/F: 703-764-0014
Co-Counsel for Plaintiff
Gregory Thompson, VSB 33135
Co-Counsel for Mr. Thompson
Sponsor for Michael D.J. Eisenberg's
Pro Hac Vice Status

# CERTIFICATE OF SERVICE

I hereby certify that the aforementioned, was sent on April 30, 2010, in the manner indicated, to the following:

via E-mail to:
Don Weinberg
Dweinberg@dglitigators.com

/s/ David Kaufman
David Kaufman
11350 Random Hills Road  STE 800
Fairfax, Virginia 22030
O:  703-764-9080
F:  703-764-0014
Co-Counsel for Plaintiff, Gregory Thompson,
Virginia-barred Attorney
Co-Counsel for Mr. Thompson
Sponsor for Michael D.J. Eisenberg's Pro Hac
Vice Status